UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ISAIAH JOHNSON, JR., | § | C.A. NO. 6:25-cv-02092 |
| | § | |
| VS. | § | SEC. _____   MAG. _____ |
| | § | |
| ED'S MARINE TOWING LLC | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Isaiah Johnson, Jr. ("Plaintiff" or "Johnson"), complaining of Defendant Ed's Marine Towing LLC ("Defendant" or "Ed's Marine Towing"), and for cause of action, would respectfully show this Honorable Court as follows:

## I. PARTIES

1.1     Plaintiff is an individual and resident of the state of Louisiana.

1.2     Defendant Ed's Marine Towing is a limited liability company organized and existing under and by virtue of the laws of the State of Louisiana, with its principal place of business located at 11726 Theonis Road Kaplan, Louisiana 70548, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit. Defendant Ed's Marine Towing can be served with summons by serving its registered agent, Brookleigh Fitzgerald at 11726 Theonis Road Kaplan, Louisiana 70548.

## II. JURISDICTION

2.1     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant to the Jones Act 46 U.S.C. § 30104, and for negligence under the general maritime law.

### III.  VENUE

3.1     Venue is proper pursuant to 28 U.S.C. § 1391.

### IV.  FACTUAL BACKGROUND

4.1      At all material times hereto, Plaintiff was employed by Defendant Ed's Marine Towing, working as a member of the crew of the marine towing vessel *Uncle Nu* ("Vessel"), a vessel operated by Defendant Ed's Marine Towing.

4.2     On or about September 22, 2025, while Plaintiff was performing his duties in the service of the Vessel, he sustained severe injuries.  At the time he was injured, Plaintiff was descending the stairs from the wheelhouse to the galley when the captain improperly steered the Vessel into a barge or other object.  As a result, the Vessel experienced an unexpected jolt while Plaintiff was descending the stairs and he fell onto his back and slid down the stairs, sustaining severe injuries to his back and body.

### V.  COUNT 1 - JONES ACT NEGLIGENCE OF DEFENDANT

5.1     Defendant Ed's Marine Towing was Plaintiff's Jones Act employer at the time of his injury.

5.2     The negligence of Defendant Ed's Marine Towing includes, but is not limited to, the following acts and omissions:

   (a)     failing to keep a proper lookout;

   (b)     failing to properly calculate distance, speed or current wind effects on the ship and barge;

   (c)     failing to adequately train the crew of the vessel;

   (d)     failing to exercise the care a reasonably prudent captain would under similar circumstances;

2

(e)   failing to implement adequate safety protocols and measures to ensure the safety of the crew;

(f)   failing to oversee the work performed by the vessel's crew;

(g)   failing to adequately crew the vessel;

(h)   failing to steer the ship adequately and in avoidance of obstructions;

(i)   other acts of negligence and/or omissions to be shown at trial herein.

5.3   The Defendant's negligence was the proximate and/or producing cause of the injuries and damages suffered by Plaintiff.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1   Defendant breached its duty, pursuant to the general maritime law, to provide Plaintiff with a seaworthy vessel upon which to work.  The Vessel was unseaworthy due to:

(a)   an unfit, incompetent, or improperly trained crew;

(b)   incompetent or negligent direction from supervisors; and

(c)   an unsafe method of performing the work that caused Plaintiff's injuries.

6.2   The Defendant's failure to provide the Plaintiff with a seaworthy vessel upon which to work was a proximate and/or producing cause of his injuries and damages.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1   Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence of Defendant, its officers, agents, and/or employees, or the unseaworthiness of Defendant's Vessel as described herein.  Therefore, pursuant to the general maritime law, Plaintiff is entitled to the benefits of maintenance and cure until such time as he has been deemed to have reached maximum medical improvement.

## VIII.  COUNT 4 - GENERAL MARITIME NEGLIGENCE

8.1     Pleading alternatively, if the trier of fact determines Plaintiff was not a Jones Act seaman at the time of the incident made the basis of this lawsuit, Defendant nevertheless owed Plaintiff a duty of ordinary care under the general maritime law.  For all the reasons set out in paragraph 5.2, above, Defendant breached the applicable standard of care and was negligent.

8.2     Such negligence was the proximate and/or producing cause of the Plaintiff's injuries and damages.

## IX.  DAMAGES

9.1     As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following injuries and resultant damages, including, but not limited to:

(a)     physical pain and suffering sustained by Plaintiff from the date of injury to time of trial;

(b)     physical pain and suffering which in all reasonable probability Plaintiff will suffer in the future;

(c)     mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d)     mental anguish which in all reasonable probability Plaintiff will suffer in the future;

(e)     loss of earnings sustained by Plaintiff from the date of injury to time of trial;

(f)     loss of earning capacity which in all reasonable probability Plaintiff will suffer in the future;

(g)     reasonable and necessary medical expenses for the treatment of Plaintiff's injuries, incurred from the date of injury to time of trial;

(h)     reasonable and necessary medical expenses which in all reasonable probability Plaintiff will incur in the future;

(i)     physical impairment sustained by Plaintiff from the date of injury to time of trial; and

(j)     physical impairment which in all reasonable probability Plaintiff will suffer in the future.

9.2     Plaintiff seeks all damages recoverable at law.

## X.  JURY DEMAND

10.1    Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays the Court issue summons for Defendant to appear and answer,

and that after a trial on the merits Plaintiff be awarded a judgment against Defendant for the

following:

a.     Actual damages;
b.     Statutory damages;
c.     Prejudgment and post-judgment interest;
d.     Court costs;
e.     Attorneys' fees; and
f.     All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Alexis Katz Caughey*
Alexis Katz Caughey (Bar No. 34203)
acaughey@spaglaw.com
Spagnoletti Law Firm
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    (713) 653-5600
Facsimile:    (713) 653-5656

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing was automatically accomplished on all counsel of record through the CM/ECF Notice of Electronic filing, on this 22nd day of December, 2025, in accordance with the Federal Rules of Civil Procedure.

*/s/ Alexis Katz Caughey*
Alexis Katz Caughey